IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC LaMONT TROTTER,**

    **Plaintiff,**

    v.                                       CASE NO. 20-3230-SAC

**SAM CLINE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show cause why his Complaint should not be dismissed or to file a proper amended complaint. This matter is before the Court on Plaintiff's response (Doc. 8) and for screening Plaintiff's Amended Complaint (Doc. 7–1). The Court's screening standards were set forth in detail in the MOSC.

The Court found in the MOSC that Plaintiff failed to set forth sufficient factual support for his failure to protect claim. The Court also found that his claims against EDCF and Warden Cline were subject to dismissal. Plaintiff has submitted an Amended Complaint with additional factual allegations and he has dropped his claims against EDCF and Warden Cline.

Plaintiff claims in his Amended Complaint that in February and March 2020, Plaintiff was housed in L Cell House at EDCF. In March 2020 he reported his concerns for his safety multiple times to Marlene Brooks, EDCF Corrections Counselor. Plaintiff told Brooks that he was in fear of being attacked, felt his life was in danger, and gave her "intimate details."

(Doc. 7–1, at 4; Doc. 8, at 1.)  Brooks forwarded the concerns to J. Cannon, EAI at EDCF, who is in charge of investigating safety concerns.  Despite Plaintiff's safety concerns, he was housed in general population at EDCF on May 18, 2020, and was attacked twice—once on June 3, 2020, and once on June 18, 2020.  The attacker used padlocks during the second attack and Plaintiff sustained head injuries.  Plaintiff names as Defendants: Brooks; Cannon; and Marsha Bos, EDCF Classification Department.

Plaintiff asserts that the Defendants failed to protect him by housing him in general population at EDCF despite his safety concerns.  "Under the Eighth Amendment, prison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of  . . . inmates.'"  *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018), *cert. denied*, 139 S. Ct. 800 (2019) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation marks omitted)).  This duty includes "a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (ellipsis and quotation marks omitted).  To prevail on a failure to protect claim, a plaintiff must show:  "(1) 'that the conditions of his incarceration present an objective substantial risk of serious harm' and (2) 'prison officials had subjective knowledge of the risk of harm,' '[i]n other words, an official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Requena*, 893 F.3d at 1214 (citation omitted).

"The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App'x 921, 926 (10th Cir. 2020) (unpublished) (citing *Marbury v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same)). "[S]ubjective awareness of

only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." *Id*. (citing *Marbury*, 936 F.3d at 1238).  Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." *Id*. (citing *Marbury*, 936 at 1236 (internal quotation marks omitted)); *see Gray v. Sorrels*, 744 F. App'x 563, 571 (10th Cir. 2018) (unpublished) (finding allegations of failure to protect too conclusory to establish personal participation and failed to allege specific content of emails); *see also Leonard v. Lincoln Cty. Bd. of Comm'rs*, 790 F. App'x 891, 894 (10th Cir. 2019) (unpublished) (finding plaintiff's general request and grievance did not put jail officials on notice that he was at risk of being assaulted).

The Court finds that the proper processing of Plaintiff's Amended Complaint cannot be achieved without additional information from appropriate officials of EDCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of EDCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claim under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1) The Clerk of Court shall serve Defendants under the e-service pilot program in effect with the Kansas Department of Corrections ("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report.  Upon the filing of that report, the Court will screen Plaintiff's Amended Complaint.

(3) Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Amended Complaint:

a. To ascertain the facts and circumstances;

b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Amended Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated October 1, 2021, in Topeka, Kansas.**


<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**