IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERIC LaMONT TROTTER,

    **Plaintiff,**

    v.                                    CASE NO. 20-3230-SAC

SAM CLINE, et al.,

    **Defendants.**

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show cause why his Complaint should not be dismissed or to file a proper amended complaint. Plaintiff filed an Amended Complaint (Doc. 7–1), and upon screening Plaintiff's Amended Complaint the Court entered a Memorandum and Order (Doc. 9) ("M&O") directing EDCF officials to prepare a *Martinez* Report. The Report is currently due by April 19, 2022. This matter is before the Court on Plaintiff's motion (Doc. 17) seeking to add a claim to his Amended Complaint.

Plaintiff alleges that in February 2020 he informed EDCF officials that he should not be transferred to the Hutchinson Correctional Facility ("HCF"). Plaintiff was transferred to HCF in December 2021, and he alleges that on January 17, 2022, he was attacked by several inmates at HCF. Plaintiff seeks to add this claim to his Amended Complaint.

1

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading once as a matter of course within: "(A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A) and (B). Plaintiff has already submitted an Amended Complaint in this case. Therefore, Plaintiff is not entitled to file an amended complaint as a matter of course under Fed. R. Civ. P. 15(a)(1). Rule 15 provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Plaintiff's motion to amend fails to attach a proposed amended complaint as required by the Court's Local Rules. *See* D. Kan. Rule 15.1(a)(2). Therefore, the Court will deny his motion seeking to add a claim to his Amended Complaint. The Court also notes that Plaintiff filed this case on September 11, 2020, based on incidents occurring at EDCF. Plaintiff now seeks to add a claim based on an incident occurring at HCF in February 2022. Plaintiff must exhaust his administrative remedies through the facility's grievance procedures prior to bringing a claim based on current incidents at HCF.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion to amend (Doc. 17) is **denied.**

**IT IS SO ORDERED.**

**Dated February 23, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**