IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC LAMONT TROTTER,**

    **Plaintiff,**

    v.                                                      CASE NO. 20-3230-SAC

**J. CANNON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The events giving rise to his Complaint occurred during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). This matter comes before the Court after submission of the *Martinez* Report for initial screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.

Plaintiff filed his Complaint on September 11, 2020. (Doc. 1.) After an initial review, the Court entered a Memorandum and Order to Show Cause ("MOSC"), identifying certain deficiencies in the Complaint that left it subject to dismissal, including the failure to state a claim on which relief could be granted, naming improper defendants, and the failure to allege each defendant's personal participation. (Doc. 5.) The Court allowed Plaintiff the opportunity to file an Amended Complaint curing the deficiencies and Plaintiff filed his Amended Complaint on October 7, 2020. (Doc. 7–1.)

On October 1, 2021, the Court entered a Memorandum and Order ("M&O") directing the appropriate officials of EDCF to prepare and file a *Martinez* Report so that the Court could achieve proper processing of the Amended Complaint. (Doc. 9.) The Report was filed on April 20, 2022.

(Doc. 20.)  The M&O provided that once the report has been received, the Court may properly screen Plaintiff's claims under 28 U.S.C. § 1915A.  The Court has now done so.  The Court's screening standards are set forth in the Court's MOSC (Doc. 5) and the claims in the Amended Complaint are set forth in the Court's M&O (Doc. 9).

In summary, Plaintiff alleges in his Amended Complaint that in March 2020, while housed at EDCF, he reported multiple times to EDCF Corrections Counselor Marlene Brooks that he was in fear of being attacked and felt his life was in danger; Plaintiff asserts he gave Brooks "intimate details" about his fears.  (Doc. 7–1 at 4; Doc. 8 at 1.)  Plaintiff alleges that Brooks forwarded the concerns to J. Cannon, the head of EAI, the department in charge of investigating safety concerns.  Despite this, no protective measures were taken by EDCF officials and Plaintiff was attacked on June 13, 2020, and again on June 18, 2020.  During the second attack, the attackers used padlocks and Plaintiff sustained head injuries.  Plaintiff names as Defendants:  Brooks, Cannon, and Marsha Bos of the EDCF Classification Department, and he asserts that they violated his rights under the Eighth Amendment by failing to protect him from the attacks.

In its MOSC, the Court advised Plaintiff that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  (Doc. 5 at 6); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).  Conclusory allegations of involvement are not sufficient, and vicarious liability is inapplicable to civil rights claims under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In the Amended Complaint, Plaintiff names Marsha Bos as a defendant, but he fails to allege how Bos personally participated in the deprivation of his constitutional rights.  He appears to rely on Bos working in the Classification Department, which "deals with housing."  (Doc. 7–1,

at 2.)  However, this is insufficient to plausibly allege Bos' personal participation in the alleged constitutional violation.  Accordingly, Plaintiff's claims against Bos are subject to dismissal.

In addition, the Court previously advised Plaintiff in both the MOSC and the M&O that to sufficiently plead a claim for failure to protect, he must allege that prison officials had subjective knowledge that he was at risk of harm.  To do so, he must allege that the officials "'possess[ed] enough details about a threat to enable them to conclude that it present[ed] a strong likelihood of injury, not a mere possibility.'"  (Doc. 5 at 4, quoting *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App's 921, 926 (10th Cir. 2020) (unpublished); Doc. 9 at 3 (same)).  In his initial Complaint, Plaintiff "fail[ed] to include any facts as to what potential harm he related to Brooks, when he relayed the information, who was responsible for his assignment, or when the attacks occurred." (Doc. 5 at 5.)  The MOSC cautioned Plaintiff that the failure to allege sufficient facts left this action subject to dismissal.  Although the Amended Complaint includes the dates on which the attacks occurred, it still contains no facts about what specific information Plaintiff related to Brooks or when he relayed that information.

The *Martinez* Report asserts that Plaintiff did not inform Brooks of any safety concerns prior to the June 2020 attacks.  The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims."  *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987).  The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence."  *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).  Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact.  *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the

Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). However, since neither the Report nor the Amended Complaint sufficiently identifies what information Plaintiff told Brooks about his safety concerns before the attacks, there are not sufficient factual allegations before the Court to support a plausible claim that the Defendants violated their constitutional duty to protect Plaintiff from other inmates.

In light of the *Martinez* Report and on further review of the Amended Complaint, the Court is considering dismissal of this matter for failure to state a claim on which relief can be granted. Plaintiff will be given an opportunity to respond to the *Martinez* Report and to show good cause why dismissal should not be entered. Failure to respond by the Court's deadline may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **June 3, 2022,** in which to respond to the *Martinez* Report and to show good cause why this action should not be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

**Dated May 3, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**SAM A. CROW**
**U. S. Senior District Judge**