IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERIC LAMONT TROTTER,**

    **Plaintiff,**

    v.                                                                              CASE NO. 20-3230-SAC

**J. CANNON, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

    Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The events giving rise to his Complaint occurred during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). The Court screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A after the submission of a *Martinez* Report. On May 3, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 22) ("MOSC") granting Plaintiff an opportunity to show good cause why his claims should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's Response (Doc. 26).

    The claims in Plaintiff's Amended Complaint are set forth in the Court's Memorandum and Order at Doc. 9. In summary, Plaintiff alleges in his Amended Complaint that in March 2020, while housed at EDCF, he reported multiple times to EDCF Corrections Counselor Marlene Brooks that he was in fear of being attacked and felt his life was in danger; Plaintiff asserts he gave Brooks "intimate details" about his fears. (Doc. 7–1 at 4; Doc. 8 at 1.) Plaintiff alleges that Brooks forwarded the concerns to J. Cannon, the head of EAI, the department in charge of investigating safety concerns. Despite this, no protective measures were taken by EDCF officials and Plaintiff

1

was attacked on June 3, 2020, and again on June 18, 2020. During the second attack, the attackers used padlocks and Plaintiff sustained head injuries. Plaintiff names as Defendants: Brooks, Cannon, and Marsha Bos of the EDCF Classification Department. Plaintiff claims that they violated his rights under the Eighth Amendment by failing to protect him from the attacks.

The Court previously advised Plaintiff that an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. (Doc. 5 at 6); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient, and vicarious liability is inapplicable to civil rights claims under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In the Amended Complaint, Plaintiff names Marsha Bos as a defendant, but he fails to allege how Bos personally participated in the deprivation of his constitutional rights. He appears to rely on Bos working in the Classification Department, which "deals with housing." (Doc. 7–1, at 2.) However, this is insufficient to plausibly allege Bos' personal participation in the alleged constitutional violation. Accordingly, the Court found that Plaintiff's claims against Bos are subject to dismissal.

In addition, the Court previously advised Plaintiff that to sufficiently plead a claim for failure to protect, he must allege that prison officials had subjective knowledge that he was at risk of harm. To do so, he must allege that the officials "'possess[ed] enough details about a threat to enable them to conclude that it present[ed] a strong likelihood of injury, not a mere possibility.'" (Doc. 5 at 4, quoting *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App's 921, 926 (10th Cir. 2020) (unpublished); Doc. 9 at 3 (same)). In his initial Complaint, Plaintiff "fail[ed] to include any facts as to what potential harm he related to Brooks, when he relayed the information, who

was responsible for his assignment, or when the attacks occurred." (Doc. 5 at 5.)  The Court cautioned Plaintiff that the failure to allege sufficient facts left this action subject to dismissal. Although the Amended Complaint includes the dates on which the attacks occurred, it still contains no facts about what specific information Plaintiff related to Brooks or when he relayed that information.

The *Martinez* Report asserts that Plaintiff did not reveal any information about threats to his safety during his intake investigation with Brooks.  *See* Doc. 20–3.  Cannon did not receive any verified information regarding threats to Plaintiff prior to the June 3 or June 18, 2020 fights. (Doc. 20–5.)  The Report also provides that Plaintiff and another inmate were involved in the battery of another resident in the shower area on May 14, 2020.  (Doc. 20, at 5, Exhibit J).  Plaintiff was placed in Administrative Segregation because of the battery incident.  *Id*.; Exhibit L.  Plaintiff signed an Acknowledgement and Release Protective Custody Form at 8:00 a.m. on June 3, 2020. *Id*.; Exhibit M.  On June 3, 2020, Plaintiff was transferred to General Population at EDCF.  *Id*.  On June 3, 2020, at approximately 5:20 p.m., Plaintiff was involved in a fight with another inmate in his cell in EDCF General Population. *Id*.; Exhibit N.  Classification Administrator Maria Bos did not have advance knowledge of any danger to Plaintiff and later heard that the June 3rd fight was due to "Snitching." *Id*.; Exhibit D.  Plaintiff was placed on "Prehearing Detention" status and housed in Segregation.  *Id*. at 6; Exhibit P.  Plaintiff was released from Segregation after signing an Acknowledgement and Release Protective Custody Form at 8:00 a.m. on June 17, 2020.  *Id*.; Exhibit Q.  On June 18, 2020, Plaintiff was battered by two other inmates holding padlocks attached to belts in the programs area at EDCF.  *Id*.; Exhibit R, Exhibit T.  Plaintiff did not file any grievances regarding these matters. *Id*.  The KDOC has no record of any claim for personal

injuries or requests for any compensation for injuries which occurred as a result of the altercation. *Id*.; Exhibit V.

The *Martinez* report developed as a means "to ascertain whether there is a factual as well as a legal basis for [a] prisoner's claims." *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)). Thus, at this point in the proceedings the Court does not use the Report to resolve conflicts of fact. *See Swoboda v. Duback*, 992 F.2d 286, 290 (10th Cir. 1993) ("In determining whether a plaintiff has stated a claim, the district court may not look to the Martinez report, or any other pleading outside the complaint itself, to refute facts specifically pled by a plaintiff, or to resolve factual disputes."). However, since neither the Report nor the Amended Complaint sufficiently identifies what information Plaintiff told Brooks about his safety concerns before the attacks, there are not sufficient factual allegations before the Court to support a plausible claim that the Defendants violated their constitutional duty to protect Plaintiff from other inmates.

Plaintiff's response fails to cure the deficiencies previously noted by the Court. Plaintiff does not dispute that he signed "Acknowledgement & Release Protective Custody Forms" on June 3, 2020 and June 17, 2020, requesting of his "own free will not to be placed in Restrictive Housing on Protective Custody Status"; stating that "at this time I do not believe I would be in any danger in the General Population"; and releasing and holding harmless "the State of Kansas, Department of Corrections, El Dorado Correctional Facility, their officers, and employees of any liability, which might result from my decision to voluntarily[] refuse/relinquish Protective Custody Status." (Doc. 20–12; Doc. 20–16.)

Plaintiff merely asserts that he informed Brooks of "potential dangers with being housed at specific facilities." (Doc. 26, at 1.) Plaintiff claims he informed Brooks that his aunt was murdered and there had been problems with certain individuals connected to the case. *Id*. Plaintiff provides no other factual support regarding who the individuals were or where they were housed, or what the problems or potential dangers entailed. Plaintiff then attaches various Inmate Request to Staff Member forms. (Doc. 26–2, at 1–13.) The forms are dated in 2021 and July, August and November of 2020, after the incidents in question, and appear unrelated to the issues in this case. Plaintiff inquires as to his custody level and points and asks for his phone lists; Plaintiff requests to be transferred to Ellsworth Correctional Facility to obtain a "PT job"; Plaintiff requests a job as a barber and a porter; and Plaintiff requests a "loaner TV" to help with his mental health issues.

Plaintiff has failed to show good cause why his claims should not be dismissed for the reasons set forth in the Court's prior orders.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED.**

**Dated June 10, 2022, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **SAM A. CROW**
> **U. S. Senior District Judge**